310 BEN AVON BORO. et al., Appel., *v.* OHIO V. W. CO. (No. 2).

Syllabus—Assignment of Error.          [260 Pa.

# Ben Avon Boro. et al., Appellants, *v.* Ohio Valley Water Company (No. 2).

*Public Service Company Law — Public Service Commission — Rate schedules—Unreasonableness—Reparation.*

1. The Public Service Commission cannot constitutionally give effect for any period of time to a schedule of rates, which it has found to be unjust and unreasonable; such action is not in conformity with law.

2. Reparation cannot be awarded by the commission until a petition therefor has been presented to it in the manner prescribed by the Public Service Company Law, and the question should not be prejudiced by a general order in advance of a hearing.

3. Where the Public Service Commission has found that certain rate schedules filed by a water company were unjust and unreasonable, an order that the water company should be paid in accordance with such schedules for water furnished during a certain period, cannot be sustained.

Argued Jan. 7, 1918. Appeal, No. 18, Oct. T., 1918, by complainants, from decree of Superior Court, April T., 1917, No. 198, affirming orders of Public Service Commission, Complaints Nos. 335, 415, 416, 496, 1915, in cases of Ben Avon Borough, McKees Rocks Borough, Bellevue Borough, Avalon Borough and Stowe Township and W. B. Dawson, v. Ohio Valley Water Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Appeal from Superior Court.

The facts appear in Ben Avon Boro. et al. v. Ohio Valley Water Company, 68 Pa. Superior Ct. 561, and in the opinion of the Supreme Court.

The Superior Court affirmed the order of the Public Service Commission. Complainants appealed.

*Error assigned* was the decree of the Superior Court.

*David L. Starr* and *Albert G. Liddell,* with them *James McLaren* and *Leonard K. Guiler,* for appellants.

*Berne H. Evans,* with him *Francis Shunk Brown,* Attorney General, for Public Service Commission.

*William Watson Smith,* with him *Gordon & Smith,* for appellee.

OPINION BY MR. JUSTICE POTTER, February 25, 1918:

In their second assignment of error here filed, the appellants allege that the Superior Court erred in its decree, in directing that the schedule of rates filed by the water company on January 1, 1914 (December 30, 1913), should be continued in force until the final determination of the case by the Public Service Commission. That schedule of rates was found by the commission to be unjust and unreasonable, and on February 12, 1917, the commission issued an order fixing a rate schedule which, in its judgment, was fair and reasonable. In an opinion just filed at No. 17 October Term, 1918, we have sustained the order of the commission. The schedule of January 1, 1914 (December 30, 1913), has, therefore, been superseded.

Appellants also complain that the Superior Court erred in not sustaining their first assignment of error to the report and order of the commission alleging that the commission erred in holding that for service rendered from January 1, 1914, to April 1, 1917, the water company was to be paid in accordance with the schedule filed by it on December 30, 1913. Counsel for appellants urge that the result of this order is to sustain, during a period of three years and three months, the collection of rates, according to a schedule which the commission found was unjust and unreasonable. The commission could not consistently give effect for any period of time, to a schedule which it had found to be unjust and unreasonable, or close the door to reparation, where such rates have been

312 BENAVONBORO. et al., Appel., *v.* OHIO V. W. CO. (No. 2).

Opinion of the Court.          [260 Pa.

paid. Such action would not be in conformity with law. In Section 5, of Article V, of the Public Service Company Law, the commission is authorized, upon petition, to make an order for reparation where unjust and unreasonable rates have been collected, directing payment, to any petitioner, of the amount of damages sustained in consequence of said unjust collection of rates. But the question of reparation is not to be determined by the commission until presented to it in the manner prescribed by the act of assembly, nor should the question be prejudiced by a general order in advance of a hearing, such as that of which complaint is here made.

The assignments of error are sustained, and the decree of the Superior Court, in the particulars specified, is reversed. The order of the commission, that "all the services rendered by the respondent from January 1, 1914, to April 1, 1917, are to be paid for according to the schedule of rates filed by the respondent with the commission on December 30, 1913," is also reversed.