# Greensburgh Borough et al. Appellants, *v.* Public Service Commission.

# Irwin Borough et al., Appellants, *v.* Public Service Commission.

# Marsh et al., Appellants, *v.* Public Service Commission.

# Jeannette Borough et al., Appellants, *v.* Public Service Commission.

# Youngwood Borough et al., Appellants, *v.* Public Service Commission.

# Manor Borough et al., Appellants, *v.* Public Service Commission.

*Public service companies—Water companies — Rates — Public Service Commission—Complaints—Dismissal or sustaining of complaints—Reasonableness of rates—Voluntary payment of excessive rates—Recovery back—Statute of limitations—Waiver—Appeals.*

1. Where complaints have been filed with the Public Service Commission, it should, in its final order, formally dismiss or sustain them, in whole or in part.

2. A judgment will not be reversed unless prejudicial error is shown; and hence a failure by the Public Service Commission to finally dismiss or sustain complaints filed with it, cannot successfully be alleged as error, unless appellants were injured thereby.

3. The Public Service Commission cannot order or approve the collection of rates which it has found to be unjust and unreasonable.

4. Rates increased by the Public Service Commission beyond those fixed by the public service company, can only be made effective so far as the future is concerned.

5. On the hearing of complaints regarding the reasonableness of rates, and on appeal from the orders made thereon, only that which relates to this particular question should be considered or decided.

6. The fact that citizens of a municipality have not asked for reparation because of excessive payments made by them, does not give it the right to have such excess credited on its unpaid debt to the public service company.

7. The periods prescribed for applying for an order of reparation, and for bringing suit upon it, if granted, are but statutes of limitation, which the public service company may waive.

8. If a customer, pending a decision by the Public Service Commission, pays to a public service company sums which are subsequently found to be excessive, such excess payments are debts morally due by the company even though the statute of limitations prevents a recovery by suit, and it may recognize and pay them at any time.

9. Customers of a public service company are legally interested only in being charged nothing beyond just and reasonable rates, and hence if this is secured to them, they have no just ground of complaint.

Argued May 24, 1920. Appeals, Nos. 28, 29, 30, 32, 33 and 39, Oct. T., 1920, by plaintiffs, from judgments of Superior Court, April T., 1919, Nos. 86, 87, 88, 89, 90 and 91, affirming orders of Public Service Commission, in cases of Greensburg Borough et al. v. Public Service Commission. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeals from judgments of Superior Court. See 73 Pa. Superior Ct. 75.

The opinion of the Supreme Court states the facts.

The Superior Court affirmed the order of the Public Service Commission. Plaintiffs appealed.

*Errors assigned* were, (1) judgment of Superior Court, quoting it, and (2-11) dismissal of assignments of error 1-10, quoting them.

*Chas. E. Whitten,* of *Gaither & Whitten,* with him *R. D. Laird, H. H. Fisher, Adam M. Wyant, Geo. W. Flowers, Z. T. Silvis, Crowell & Whitehead* and *Keister & Fink,* for appellants.

*Robert W. Smith,* with him *James S. Moorehead,* for appellees.

OPINION BY MR. JUSTICE SIMPSON, June 26, 1920:

These six appeals are from judgments of the Superior Court, affirming a single order of the Public Service Commission, made after the hearing of appellants' complaints, alleging certain rates of the Westmoreland Water Company to be unreasonable and excessive. Some of the complaints averred also inadequacy of supply and impurity of water, but these were withdrawn before the hearing. The cases raise the same question, were heard together before the commission and on appeal in the Superior Court and in this court, and it is admitted require but one opinion.

On December 27, 1913, five days before the Public Service Company Law of July 26, 1913, P. L. 1374, went into effect, the Westmoreland Water Company, which supplies water, inter alia, to the various boroughs and individuals who are appellants in this case, posted a new schedule of water rates to become effective January 1, 1914. It did not change the prior rates except to increase the charge to municipalities for public fire protection service. During the months of August, November and December, 1914, appellants filed the only complaints at any time made against this schedule. At the time set for a hearing thereof by the commission, it was agreed, so far as the valuation required in order to fix a rate base is concerned, that the evidence should be taken as of July 1, 1914. In accordance therewith testimony was taken as of that date; after a hearing and rehearing the commission determined the value of the company's plant, the proper allowance for depreciation, the

expense of operation, the gross revenue which the company was entitled to receive from all its consumers, and how that amount should be apportioned between public fire protection service and domestic and industrial service. These findings were acceptable to all parties in interest, and no objection is now made thereto.

The commission then ordered the water company to prepare and file a schedule of rates, apportioned in accordance with these findings and sufficient in amount to enable it to receive the gross revenue thus determined. It did so, but the result was not satisfactory to the commission; and the matter was thereupon referred to its engineering bureau, acting in conjunction with the engineers of complainants and respondent. This resulted in a report which, as compared with the rates effective January 1, 1914, lessened those to the small individual consumers, but increased those to the larger consumers and the municipalities. It was approved by the commission and directed to become effective August 1, 1918; but no formal order was then or thereafter made in regard to the complaints themselves, or the rates referred to therein as having been declared by the water company as effective January 1, 1914. No objection was then or is now made to those rates as applicable after August 1, 1918; but so far as related to the period between July 1, 1914 (which was shortly prior to the filing of the first exceptions), and August 1, 1918, appellants presented a petition for a rehearing, and sought thereby, as they do now, to have the excess payments theretofore made by the small individual consumers within each borough, credited against the amounts which the borough had refused to pay pending the hearing of the complaints. An answer was filed by the water company and the petition was dismissed. Complainants thereupon appealed to the Superior Court, which affirmed the order of the commission (73 Pa. Superior Ct. 95), and from its judgments we allowed the present appeals. In their printed statement of the questions involved appellants pre-

sent three points for our consideration, but at the argument withdrew the last thereof, and hence only the first two will be reviewed.

The first is as to "The power of the commission to order the payment for a long period of time, of rates which it has found to be unjust and unreasonable." Of course it has no such power; to so order would be in direct opposition to the act: Ben Avon Borough v. Ohio Valley Water Company (No. 2), 260 Pa. 310. Moreover, the commission did not make such an order, and if it had it would not help appellants. So far as concerns the boroughs, who are the principal complainants, and the large consumers, the rates specifically made effective August 1, 1918, exceeded the rates effective January 1, 1914. It follows that as to these classes of consumers the latter rates were not unjust nor unreasonable, and their complaints necessarily failed. So far as the individual appellants are concerned, the record does not disclose whether the rates as to them were raised or lowered by the final order of the commission; we cannot tell, therefore, whether or not they were overcharged, and hence might well dismiss their appeals on this account, for we do not reverse unless prejudicial error is shown. It is our purpose, however, in the order we make, to preserve their rights of recoupment, if they were in fact injured. Other consumers, in view of the fact that the findings of the commission are as of July 1, 1914, can obtain orders of reparation, if entitled thereto, without any additional action in regard to the complaints.

Much of the difficulty on this branch of the case arises out of a failure to comply with section 10 of article VI of the act, which provides that "Whenever the commission shall investigate any matter complained of under the provisions of this act, it shall be its duty to make and file of record a written finding, determination or order, either dismissing the complaint or directing the public service company or companies complained against, to satisfy the cause of complaint, in whole or to such an extent and

within such time as the commission may specify, require and order." Under this section it was the duty of the commission, when it determined what were the reasonable and proper rates effective August 1, 1918, based on the valuation as of July 1, 1914, not only to have ordered a new schedule to be prepared founded on that valuation and effective as to the future only; but also to have dismissed all complaints filed by those who were not required by the schedule effective January 1, 1914, to pay a greater sum than was then determined to be reasonable and proper, and to have sustained pro tanto any complaints filed by those whose rates were reduced. It is not denied that this is one of the two matters the commission intended to decide, and, in effect, though not in statutory form, did decide. The other matter was that the rates effective January 1, 1914, so far as they related to the boroughs and other large consumers, were too low and hence had to be increased. To accomplish this the commission could not legally order its entire schedule to become effective as of July 1, 1914, because the valuation was fixed as of that date, for under article V, section 3, of the act, increased rates cannot be applied retroactively but only to future service. This was much the more important of the two matters being considered, and, in correctly regulating it, the necessity for a formal order regarding the pending complaints was probably overlooked.

The second of the questions said to be involved is as follows: "The duty of the commission to make an order preventing the water company from collecting additional sums from the municipalities for public fire service, when the water company has already collected for all kinds of service a sum in excess of the amount allowed by the commission, such additional sums not being needed to pay possible demands for reparation."

The contention of the appellant boroughs in regard to this matter is that the water company is only entitled to receive each year the gross revenue fixed by the com-

mission, and as the excess payments, made pendente lite by individual consumers whose rates were reduced, may never be recovered back from the company, these over-payments should be credited to the amounts still due by the boroughs, to the end that the water company may not collect more than this gross revenue. We might dispose of this claim by calling attention to the fact that the only question before the commission, and on appeal here, relates to the reasonableness of the rates charged, matters of reparation being relegated to other and later proceedings: Ben Avon Borough v. Ohio Valley Water Co., supra; New York and Pennsylvania Co. v. New York Central R. R. Co., 267 Pa. 64. However, in order to avoid another futile claim being made on the same ground, we add that under no circumstances could we sustain this contention, since no statute or public policy does or could give the commission or the courts the power or right to take money or property from the possessor thereof, and give it to some other private party having no right thereto. As the Superior Court accurately says, this would be confiscation. Moreover, the two-year period within which a petition for reparation must be filed, and the one-year period for bringing suit if an order therefor is made, are only statutes of limitations, which the water company may waive at any stage of the proceedings, and which it may ignore by paying the overcharge at no matter what lapse of time. Until repayment is in fact made, it will morally owe the consumers the amounts of the overpayments, if any, even though those periods have expired. We cannot assume it will not acknowledge and act upon this moral claim; and, if we could, it would furnish no reason for taking the money from the water company and giving it to the boroughs. Under this act their only interest is in having their payments limited to a just and reasonable rate for the water which they consume.

The judgment of the Superior Court is affirmed with costs, but without prejudice to the rights of any indi-

vidual appellant, who has suffered damage by paying an unreasonable rate for the water consumed by him between July 1, 1914, and August 1, 1918, to apply to the commission for a further order in relation to his complaint.