Industria Cortinera, Inc., demandante y recurrida, *v.* Puerto Rico Telephone Co., demandada y recurrente.

*Número:* RE-89-182 *Resuelto:* 4 de febrero de 1993

*Jay García Gregory* y *Charles Bimbela*, de *Fiddler, González & Rodríguez*, abogados de la recurrente; *Carlos Colón Marchand*, abogado de la recurrida.

La Juez Asociada Señora Naveira de Rodón emitió la opinión del Tribunal.

En el presente recurso se nos solicita que revisemos una sentencia sumaria dictada por el Tribunal Superior, Sala de San Juan, que declaró con lugar la demanda presentada en este caso y condenó a la demandada, Puerto Rico Telephone Company (P.R.T.C.), a pagar a la demandante la suma de ciento ochenta mil setecientos veintiún dólares con cuarenta centavos ($180,721.40), más intereses.

I

*Los hechos*

El 30 de mayo de 1973, la demandante recurrida, Industria Cortinera, Inc. (Cortinera), presentó una querella ante la Comisión de Servicio Público (Comisión) en la que reclamó daños. Alegó que su teléfono no funcionaba, que le estaban cobrando por tal servicio, que su número telefónico había sido asignado a otra persona y que el sistema de *hunting* instalado tampoco funcionaba.

Luego de varias vistas, el 13 de septiembre de 1984 la Comisión dictó una Resolución y Orden en la que condenó a la P.R.T.C. a pagar la suma de ciento ochenta mil setecientos veintiún dólares con cuarenta centavos ($180,721.40). La resolución se notificó ese mismo día.

El 24 de septiembre de 1984, la parte demandada recurrente, P.R.T.C., presentó una moción en la que solicitó determinaciones de hechos adicionales, y el 28 de septiembre presentó una moción de reconsideración.

Tres (3) años más tarde, el 8 de octubre de 1987, Cortinera presentó una petición de *mandamus* ante el Tribunal Superior, señalando, entre otras cosas, que no se habían resuelto las mociones presentadas por la P.R.T.C. ante la Comisión. La Comisión compareció presentando una moción de desestimación en la que señaló, *inter alia,* que según el derecho aplicable, el hecho de que ella emitiera o no una disposición sobre el recurso de reconsideración en nada afectaba el derecho de Cortinera de cobrarle a la P.R.T.C. la indemnización concedida. Nada expresó sobre la moción para solicitar determinaciones de hechos adicionales. Cortinera, en contestación a la moción de desestimación, presentó una solicitud de desistimiento voluntario, la cual fue concedida.

El 24 de marzo de 1988, Cortinera presentó ante el Tribunal Superior una acción de cobro de dinero contra la

P.R.T.C. para hacer valer la determinación de la Comisión. La P.R.T.C. aceptó que hubo una resolución emitida por la Comisión, pero alegó como defensa afirmativa que la reclamación era prematura porque quedaban pendientes de resolver ante la Comisión varias mociones; negó que la Resolución fuera final y firme.

Así las cosas, la parte demandante solicitó que se dictara una sentencia sumaria. Alegó que la Resolución era final, firme e inapelable, ya que la Comisión no podía enmendarla. La parte demandada se opuso. Planteó primeramente que, como consecuencia de no haberse resuelto las mociones de reconsideración y determinaciones de hechos adicionales, se interrumpieron los términos para ir en revisión al Tribunal Superior. Por otro lado y en la alternativa, alegó que había prescrito el término para que Cortinera instara el pleito para obligar al cumplimiento de la orden de la Comisión.

El tribunal de instancia dictó sentencia a favor de la parte demandante Cortinera. La P.R.T.C. recurre a nosotros señalando, *inter alia,* que el tribunal de instancia erró al concluir que no estaba prescrita la acción y que la moción para solicitar determinaciones de hechos adicionales no interrumpió el término para ir en revisión al tribunal.

## II

*Procedimientos ante la agencia*

La parte demandante recurrida, Cortinera, sostiene que la resolución dictada por la Comisión el 13 de septiembre de 1984 es final y firme.[1] Alega que la Comisión no tenía facultad para acoger mociones de reconsideración y de determinaciones de hechos adicionales. De ser ello así, la

---

[1] La Ley Núm. 170 de 12 de agosto de 1988, conocida como Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2101 *et seq.*, no es aplicable al caso de autos por ser posterior al proceso administrativo que dio lugar a esta revisión.

causa de acción que presentó en marzo de 1988 estaría prescrita.

■ La determinación de los daños causados y los procedimientos a seguir para cobrar los mismos, se rigen por el Art. 20 de la Ley de Servicio Público de Puerto Rico, 27 L.P.R.A. sec. 1107, que en la parte pertinente de su inciso (b) específicamente dispone que "la persona a cuyo favor se ordena se haga dicho pago, *podrá radicar una acción judicial por su importe, y la misma se tramitará, cualquiera que fuere su cuantía, de acuerdo con la Regla 60 de Procedimiento Civil vigente*". (Énfasis suplido.) El inciso (c) a su vez establece que "[e]*l pleito para obligar al cumplimiento de una orden para que se efectúe dicho pago deberá entablarse dentro de un año desde la fecha de la orden*". (Énfasis suplido.)

■ El término de un (1) año comienza a correr desde que la orden es final y firme. Ahora bien, si se solicita revisión, el tribunal puede disponer que el pago se haga sin tener que recurrir al recurso provisto por la Ley de Servicio Público de Puerto Rico.

■ Luego de hacer un análisis del historial de la Ley de Servicio Público de Puerto Rico y, en específico, sobre el Art. 20, *supra*, en *Rovira Palés v. P.R. Telephone Co.*, 96 D.P.R. 47 (1968), resolvimos que la Comisión, y no los tribunales, es quien tiene jurisdicción original exclusiva sobre querellas y reclamaciones contra empresas de servicio público en cuanto a las relaciones entre éstas y sus consumidores.([2]) Posteriormente, en *Vera v. Pavesi*, 116 D.P.R. 55, 58 (1985), expresamos:

---

([2]) Allí también expresamos que "[c]on variaciones insignificantes de estilo, estas disposiciones son una reproducción [del Art. 28] de la anterior Ley de Servicio Público, Núm. 70 de 6 de diciembre de 1917 (Leyes, pág. 433), adoptada para implementar el Art. 38 de la Carta Orgánica Jones. *Santiago v. Comisión de Servicio Público*, 37 D.P.R. 500, 507–512 (1927). A su vez, [el Art.] 28 de la ley de 1917 [es] una traducción literal de la Sec. 5 del Art. V ... de la Ley Núm. 854 de 26 de julio de 1913 del Estado de Pensilvania (Leyes, pág. 1374), que sirvió de modelo para la nuestra. *Alers v. Tribunal Superior*, 83 D.P.R. 701, 705 (1961)". (Escolio omitido.) *Rovira Palés v. P.R. Telephone Co.*, 96 D.P.R. 47, 51 (1968).

... [D]icho precepto legal faculta a la Comisión de Servicio Público a conceder indemnización monetaria a un usuario de una compañía de servicio público, o porteador por contrato, *únicamente* en aquellos casos en que éste se ve afectado o sufre daños: 1– al ser "víctima" de una tarifa, práctica puesta en vigor, acto, u omisión que (*a*) infrinja cualquier orden de la Comisión, o (*b*) resulta injusta o irrazonable, o (*c*) establece diferencias o preferencias injustificadas o indebidas, y 2– cuando le es cobrada una tarifa que excede la radicada, publicada y vigente a la fecha en que se prestó el servicio. (Énfasis en el original y escolio omitido.)

Ahora nos toca determinar si son o no de aplicación a los procedimientos ante la Comisión las Reglas 43.3 y 43.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, que establecen que una parte tiene diez (10) días improrrogables para presentar una moción de determinación de hechos adicionales y que su presentación en tiempo interrumpe el término para recurrir en alzada. La Ley de Servicio Público de Puerto Rico no contiene una disposición específica que rija este tipo de moción.(³) Sin embargo, nada impide que en casos apropiados se adopten normas de las Reglas de Procedimiento Civil para guiar el curso del proceso administrativo, cuando las mismas no sean incompatibles con dicho proceso y propicien una solución justa, rápida y económica. *Pérez Rodríguez v. P.R. Park. Systems, Inc.*, 119 D.P.R. 634 (1987). Véanse, además: *López Vives v. Policía de P.R.*, 118 D.P.R. 219, 231 (1987); B. Schwartz, *Adminis-*

---

La Sec. 5 del Art. V de la ley de Pennsylvania fue derogada varias veces y sustituida finalmente por una nueva sección, la cual se mantuvo esencialmente igual, pero añadió que el término de un (1) año se calcula desde la fecha de la orden de la Comisión o un tribunal. 66 Pa.C.S.A. sec. 1312. Más adelante discutiremos esta sección más a fondo.

(³) Aunque el Art. 51-A(f) de dicha ley, 27 L.P.R.A. sec. 1262a(f), provee que en las "apelaciones o revisiones y en lo aquí no provisto regirán las disposiciones contenidas en las Reglas de Procedimiento Civil", la misma es sólo aplicable al procedimiento judicial especial que se establece en el Art. 51-A, 27 L.P.R.A. sec. 1262a.

*trative Law*, 2da ed., Boston, Ed. Little, Brown and Co., 1984, Sec. 531.(⁴)

▪ Al interpretar la Ley de Servicio Público de Puerto Rico para resolver la controversia ante nos, debemos tener presente que el objetivo de la interpretación de cualquier estatuto es buscar y poner en vigor la intención legislativa, tomando en consideración los fines que el estatuto persigue. La interpretación debe ajustarse al fundamento racional o fin esencial de la ley y la política pública que la inspira. Art. 19 del Código Civil, 31 L.P.R.A. sec. 19; *Vázquez v. A.R.P.E.*, 128 D.P.R. 513 (1991); *Asoc. Médica de P.R. v. Cruz Azul*, 118 D.P.R. 669 (1987); *Esso Standard Oil v. A.P.P.R.*, 95 D.P.R. 772 (1968). Es principio básico de hermenéutica legal que las distintas disposiciones de un estatuto deben interpretarse las unas con las otras para descubrir la intención legislativa:

> En buena hermenéutica jurídica, el estatuto en su totalidad tiene que ser considerado para determinar el significado de cada una de sus partes. "Con ello se persiguen dos propósitos: aclarar ambigüedades y hacer de la ley un todo armónico y efectivo. Esto significa que toda ley debe ser examinada y comparadas sus partes, de suerte que sean hechas consistentes y tengan efecto. Para ello, deben interpretarse las diferentes secciones, las unas en relación con las otras, complementando o supliendo lo que falte o sea oscuro en una con lo dispuesto en la otra, procurando siempre dar cumplimiento al propósito del legislador. No se pueden tomar aisladamente los distintos apartados de la ley, sino que deben tomarse todos en conjunto, o sea, íntegramente." (Citas omitidas.) R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las Leyes en Puerto Rico*, San Juan, Pubs. J.T.S., 1979, pág. 315. Véanse, además: *Orta v. Registrador*, 60 D.P.R. 789, 793 (1942); *Pueblo v. Pérez Escobar*, 91 D.P.R. 10 (1964); *P.P.D. v. Gobernador*, 111 D.P.R. 8 (1981); *Marina Ind., Inc. v. Brown Boveri Corp.*, 114 D.P.R. 64, 90

---

(⁴) La Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, a su vez, expresa en su Exposición de Motivos que siendo la política pública del país inspirada en la eficiencia administrativa, la ley a su vez se inspira en el propósito de brindar a la ciudadanía unos servicios públicos de eficiencia y prontitud, entre otros.

(1983); *Delgado v. D.S.C.A.*, 114 D.P.R. 177 (1983). *Pueblo en interés menor L.R.R.*, 125 D.P.R. 78, 86–87 (1989).

El Art. 52 de la Ley de Servicio Público de Puerto Rico, 27 L.P.R.A. sec. 1263, dispone que cualquier persona adversamente afectada por una decisión de la Comisión en un procedimiento en el cual haya sido parte, podrá solicitar la reconsideración. Dicha solicitud de reconsideración no exime a la persona "de cumplir con u obedecer cualquier decisión de la Comisión, ni operará en forma alguna a modo de suspensión o posposición de la vigencia de la misma, a menos que medie una orden especial de la Comisión". Íd. El Art. 52, *supra*, también establece que la reconsideración no es un requisito previo para la revisión judicial "excepto en aquellos casos en que la parte que solicita la revisión se base en cuestiones de hecho o de derecho que la Comisión no tuvo la oportunidad de considerar". Íd. De esta forma se asegura que la Comisión haya tenido la oportunidad de considerar la cuestión antes de que se solicite la revisión judicial.

El procedimiento establecido en el Art. 52, *supra*, asegura además que la presentación de una moción de reconsideración no retrase la solución del asunto, proveyendo términos cortos para resolverla: treinta (30) días desde la presentación de la solicitud para concederla o denegarla. Ahora bien, si la Comisión estima que una nueva audiencia es necesaria, la reconsideración se resolverá dentro del término de treinta (30) días contados a partir de la fecha en que el asunto quedó sometido.

De otra parte, la revisión judicial de la decisión administrativa está regulada por los Arts. 55 a 59 (27 L.P.R.A. secs. 1266–1270). El Art. 57 específicamente dispone que ni la presentación de una solicitud de revisión ni la concesión de tal solicitud, tienen el efecto de suspender la decisión "a menos que, a solicitud de parte, el tribunal así lo ordene, previa determinación de que el peticionario sufrirá daños

irreparables de no decretarse tal suspensión ...". Este artículo también prohíbe la concesión de una suspensión *ex parte.*

Como podrá observarse, todo el procedimiento establecido para la reconsideración y revisión refleja la intención de que el proceso administrativo ante la Comisión sea un procedimiento expedito. Cualquier suspensión de la efectividad de una orden se hace a manera de excepción. Este procedimiento difiere del establecido en las Reglas de Procedimiento Civil, donde la mera presentación de un recurso de revisión suspende el efecto de una sentencia y donde la expedición de una petición de *certiorari* suspende la efectividad de una sentencia u orden.

Igual propósito de aligerar los procedimientos tiene el inciso (b) del Art. 20 de la Ley de Servicio Público de Puerto Rico, *supra,* cuando dispone que la acción judicial para el cobro de los daños que haya determinado la Comisión se regirá, no importa la cuantía, por lo dispuesto en la Regla 60 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Esta regla establece un procedimiento sencillo y expedito para las reclamaciones.([5])

■ Bajo estas circunstancias, interpretar que las disposiciones procesales de las Reglas 43.3 y 43.4 de Procedimiento Civil, *supra,* son aplicables a los procedimientos ante la Comisión trastocaría todo su diseño de trámite sencillo y expedito. Determinamos, pues, que las Reglas 43.3 y 43.4 de Procedimiento Civil, *supra,* no aplican por ser incompatibles con el procedimiento establecido en la Ley de Servicio Público de Puerto Rico.

Al no ser de aplicación las Reglas 43.3 y 43.4 de Procedimiento Civil, *supra,* no se interrumpió el término para que Cortinera acudiera al foro judicial a solicitar que la P.R.T.C. cumpliera con la orden de la Comisión.

---

([5]) En las Reglas de Procedimiento Civil está limitado el procedimiento a reclamaciones de dos mil dólares ($2,000) o menos.

Pasemos ahora a considerar el procedimiento para poner en vigor una orden de la Comisión.

## III

*La solicitud de revisión y la solicitud para poner en vigor una orden de la Comisión*

 La solicitud de revisión y la solicitud de poner en vigor la orden de la Comisión no son análogas. En la primera el tribunal revisa la determinación de la Comisión y, en la segunda, una vez final y firme la determinación, se implanta la misma sin pasar juicio sobre su corrección.

 En el foro administrativo, la Comisión tiene treinta (30) días para, previa audiencia, suspender, enmendar o revocar su determinación. 27 L.P.R.A. sec. 1262(a). Transcurrido este término sin que la Comisión haya actuado o la parte adversamente afectada haya solicitado la revisión judicial, la decisión adviene a ser final y firme y podrá solicitarse su implantación. 27 L.P.R.A. sec. 1262a(f); Regla 53 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

En el caso de autos, la demandante tenía el período de un (1) año, a partir de ser final y firme la Resolución de 13 de septiembre de 1984, para presentar ante el tribunal el pleito para que se efectuara el pago ordenado por la Comisión. 27 L.P.R.A. sec. 1107(b) y (c). No habiéndose interrumpido el término para recurrir al foro judicial, al presentar Cortinera su acción en 1988, ésta estaba prescrita. La parte demandante dejó perder su derecho a entablar el pleito para obligar al cumplimiento de la orden de la Comisión concediendo daños. Cabe señalar, además, que acudió al tribunal en una acción de cobro de dinero, por la vía ordinaria, cuando a tenor con lo dispuesto en la ley tenía que tramitar su acción, cualquiera que fuese su cuantía, de acuerdo con la Regla 60 de Procedimiento Civil, *supra.* 27

L.P.R.A. sec. 1107(b). El foro de instancia equivocadamente determinó que el Art. 20(d), 27 L.P.R.A. sec. 1107(d), abre las puertas para recurrir a otros remedios civiles ordinarios para cobrar la indemnización otorgada. Dicho artículo lee:

> (d) No se instituirá acción alguna por razón de los daños y perjuicios a que se refiere esta sección, hasta que la Comisión hubiere determinado que la tarifa, acto u omisión de que se trate era injusto, irrazonable, o que establecía diferencias injustas o preferencias indebidas o irrazonables, o en exceso de los precios contenidos en dichas tarifas, y tal acción se limitará a reclamar los daños y perjuicios que la Comisión hubiere adjudicado y ordenado.([6])

Para interpretar correctamente la intención legislativa esbozada en el inciso (d) del Art. 20 de la Ley de Servicio Público de Puerto Rico, *supra*, hay que acudir, por su valor persuasivo, al estatuto de Pennsylvania y a la jurisprudencia interpretativa del mismo, de donde proviene nuestra legislación.

La sección([7]) de la ley de Pennsylvania de la cual toma-

---

([6]) El juez del tribunal de instancia expresó lo siguiente:

"La limitación de la ley establecida en el inciso (c), por ende se refiere a la reclamación del pago de lo debido efectuada mediante el trámite sumario del pleito de acuerdo a la Regla 60 de Procedimiento Civil, y no se refiere a la reclamación de una deuda de acuerdo al procedimiento ordinario supletorio que contempla el inciso (d) del mismo artículo de la Ley. Es forzozo [sic] notar que la Ley de Servicio Público no tiene poderes ni mecanismos sencillos para forzar al cumplimiento de sus disposiciones y sus órdenes para el pago de lo ordenado por ella, por lo que ante tal falta de dientes la ley delega en los tribunales para que se pueda recurrir a un procedimiento simple, rápido y sumario como el dispuesto en la Regla 60, limitando a un (1) año el que se pueda utilizar ese mecanismo procesal especial, pero ello no impide que se puedan utilizar otros mecanismos en ley para cobrar la cuantía adeudada, y por ende, en otros períodos. Como bien apunta la demandante, por eso el legislador usa la palabra podrá, pues concede discreción al beneficiado por la orden para recurrir al pleito bajo las disposiciones de la Regla 60, así como puede recurrir a otros remedios civiles ordinarios en cobro de su acreencia."

([7]) "If, after hearing, upon complaint or upon its own motion, the commission shall determine that any rates which have been collected, ... by any public service company complained of, ... were unjust and unreasonable ... the commission shall, upon petition, have the power and authority to make an order for reparation, awarding and directing the payment to any such complainant, petitioner, within a reasonable time specified in the order, of the amount of damages sustained in consequence

mos nuestra sec. 1107, en su primer párrafo se refiere exclusivamente a aquellas situaciones en que la Comisión de Servicio Público determina, en un procedimiento sobre tarifas, que cierta cantidad de dinero que recibe una empresa de servicio público es injusta, irrazonable, que viola una orden o reglamento, o excede la tarifa aplicable. Luego de este procedimiento, dicha agencia tiene la autoridad para ordenarle a la empresa a compensarle lo pagado en exceso a personas en particular. En cuanto a la acción ante los tribunales para solicitar la compensación ordenada por la Comisión, expresa el segundo párrafo que la parte tiene un (1) año desde la orden de la Comisión para instarla.

Al incorporarse esta sección a nuestra ley, se le hicieron algunos cambios. En el Art. 28 de la Ley de Servicio Público de 1917 (27 L.P.R.A. ant. sec. 77) se tradujo el título de la sección como "Reparación por precios excesivos; acción judicial"(⁸) y añadió otras situaciones tales como actos,

---

of said unjust, unreasonable, or unlawful collections, ... of such public service company: Provided, That such damages have been actually sustained by such complainant petitioner.

. . . . . . . .

"No reparation, as herein provided, shall be awarded by the commission unless the complaint or petition shall have been filed with it within two years from the time when the cause of action accrued. A suit for the enforcement of an order directing such payment shall be filed in the said court of common pleas within one year from the date of the order, and not after.

"No action shall be brought in any court on account of the wrongs or injuries referred to in this section, unless and until the commission shall have determined that the rate, regulation, classification, practice, act, or omission in question was unjust, unreasonable, or unjustly discriminatory or unduly or unreasonably preferential, or in excess of the rates contained in the said tariffs or schedules, and, then, only to recover such damages as may have been awarded and directed to be paid by the commission in said order."

(⁸) "Si después de celebrada audiencia mediante querella o de oficio, la Comisión determinare que cualesquiera precios que se hubieren cobrado, o cualesquiera actos que se hubieren realizado u omitido, o cualesquiera reglamentos, clasificaciones, o prácticas que se han hecho cumplir en relación con cualquier servicio prestado después de estar en vigor esta parte, por cualquier compañía de servicio público, infringían cualquier orden de la Comisión o eran injustas e irrazonables o establecían diferencias injustas o preferencias indebidas o injustificadas; o, declarare, que los precios cobrados de ese modo exceden los fijados en las tarifas de dicha compañía archivadas y publicadas según se dispone en la presente y que estaban vigentes y eran aplicables cuando se prestó el predicho servicio, la Comisión, a petición, tendrá

omisiones o prácticas que ocasionasen daños, puesto que la ley de Pennsylvania sólo consideraba, y considera, situaciones sobre reembolsos de tarifas excesivas, irrazonables, etc. Tenemos, pues, que la sección de la cual tomamos la nuestra sólo consideraba pleitos por compensaciones ordenadas por tarifas excesivas, mientras que a la nuestra se le añadieron las compensaciones por daños por actos, omisiones o prácticas ilegales.

De acuerdo con la ley de Pennsylvania de 1913, hay dos (2) procedimientos. Primero, aquel en que la agencia determina si una tarifa es o no irrazonable o injusta, y es luego de esta determinación que puede entender en una petición para ordenar indemnización. Dentro del primer procedimiento, la agencia no tiene autoridad para ordenar compensación alguna. *Manning v. Newville Water Co.*, 169 A. 254 (1933). O sea, la causa de acción para reclamar la indemnización surge cuando se determina que las tarifas son

---

poder y autoridad para dictar una orden disponiendo, adjudicando el pago al querellante y peticionario, dentro de un tiempo razonable, especificado en dicha orden, del importe de los daños sufridos en consecuencia de los cobros, actos u omisiones, reglamentos, clasificaciones o prácticas injustas, irrazonables o ilegales de dicha compañía de servico público.

"La Comisión hará constar en dicha orden sus conclusiones de hechos y la suma que deba pagarse.

"Si la compañía de servicio público no cumpliere la antedicha orden para el pago de dinero dentro del tiempo que en aquella se fijare, la persona a la cual se ordena que se haga dicho pago, podrá demandar por el importe del mismo en cualquier sala del Tribunal Superior; y dicha orden, dictada por la Comisión, será prueba prima facie de los hechos constantes en ella, y de que la cantidad adjudicada se debe justamente al demandante en dicho pleito, y no se permitirá a la compañía de servicio público demandada que utilice la defensa de que el servicio, como cuestión de hecho, fué prestado al demandante al precio contenido en su tarifa o relación vigente al tiempo en que se hizo y recibió el pago.

"No se adjudicará indemnización alguna por la Comisión, a menos que la querella o petición se hubiere presentado dentro de los dos años contados desde la fecha en que surgió la causa de acción. El pleito para obligar al cumplimiento de una orden para que se efectúe dicho pago, se presentará en el antedicho Tribunal Superior dentro de un año contado desde la fecha de la orden.

"No se instituirá acción alguna por razón de los daños o perjuicios a los cuales se hace referencia en esta sección, hasta que la Comisión hubiere determinado que el precio, reglamento, clasificación, práctica, acto, u omisión de que se trata era injusto, irrazonable, o que establecía diferencias injustas o preferencias indebidas o irrazonables, o en exceso de los precios contenidos en dichas tarifas o aranceles, pero únicamente para recobrar los daños que la Comisión hubiere adjudicado y ordenado."

irrazonables. Como una consecuencia lógica de esto es que dispone el estatuto de Pennsylvania que no se puede acudir al tribunal hasta que, primeramente, la agencia haga la determinación de irrazonabilidad y luego ordene una indemnización. La acción para obligar al cumplimiento de la orden debe presentarse dentro de un (1) año desde la fecha de la orden. Este periodo de un (1) año ha sido considerado como un término prescriptivo. *Manning v. Newville Water Co.*, supra; *New York & Pennsylvania Co. v. New York Cent. R. Co.*, 150 A. 480 (1930); *Borough of Greensburg v. Public Service Commission*, 110 A. 750 (1920).[9]

La ley de Pennsylvania de 1913 fue sustituida por otras análogas en 1937 y 1978. La sección en cuestión fue titulada "Reembolsos" y fue enmendada a los efectos de que ahora sólo se refiere a reembolsos por tarifas cobradas en exceso. No utiliza el lenguaje "compensación" o "daños y perjuicios". De esta manera se aclaró la causa de acción que provee. En cuanto al párrafo en controversia, éste cambió a los efectos de que ahora sólo y exclusivamente se refiere a acciones para solicitar el reembolso ordenado por la Comisión.[10]

---

[9] La sec. 3314(a) de la vigente Ley de Servicio Público de Pennsylvania, 66 Pa.C.S.A. sec. 3314(a), provee un límite de tres (3) años para cualquier acción bajo dicha ley, excepto que se provea otra cosa en contrario. En esta excepción se incluye la sec. 1312, referente a los reembolsos. *Suburban East Tires v. Pa. Public Utility*, 582 A.2d 727 (1990).

[10] A continuación transcribimos el párrafo en controversia, según lo tomamos para nuestra ley y según lee en la ley vigente.

"No action shall be brought in any court on account of *the wrongs or injuries referred to in this section*, unless and until the commission shall have determined that the rate, regulation, classification, practice, act, or omission in question was unjust, unreasonable, or unjustly discriminatory or unduly or unreasonable preferential, or in excess of the rates contained in the said tariffs or schedules, and, then, only to recover such *damages* as may have been awarded and directed to be paid by the commission in said order." (Énfasis suplido.) 66 P.S. sec. 511.

"(c) No action shall be brought in any court for a *refund*, unless and until the commission shall have determined that the rate in question was unjust or unreasonable, or in violation of any regulation or order of the commission, or in excess of the aplicable rate contained in an existing and efective tariff, and then only to recover such *refunds* as may have been awarded and directed to be paid by the commission in such order." (Énfasis suplido.) 66 Pa.C.S.A. sec. 1312(c).

De todo lo antes expuesto se puede colegir que el Art. 20(d) de nuestra Ley de Servicio Público, *supra*, no abre las puertas a una acción independiente. Dicha sección se refiere a las acciones o pleitos para obligar al cumplimiento de una orden y aclara las secciones anteriores en el sentido de que un tribunal no podrá obligar al cumplimiento a menos que ya la Comisión haya hecho una determinación de daños y haya ordenado una compensación. Es otra manera de decirnos que la Comisión tiene jurisdicción original exclusiva para entender en reclamaciones de daños y perjuicios ocasionados por compañías de servicio público en cuanto a las relaciones entre éstas y sus consumidores.[11] *Rovira Palés v. Tribunal Superior*, supra; *Optimum Image v. Philadelphia Elec.*, 600 A.2d 553 (1991); *Morrow v. Bell Telephone Co. of Pennsylvania*, 479 A.2d 548 (1984). El término de un (1) año para llevar la acción judicial es un término prescriptivo.

Por todo lo anteriormente expuesto, *se dictará sentencia revocando la sentencia sumaria emitida por el Tribunal Superior en la cual se ordenó el pago de la cantidad de ciento ochenta mil setecientos veintiún dólares con cuarenta centavos ($180,721.40) y se desestimará la acción presentada por estar prescrita.*

El Juez Asociado Señor Negrón García se inhibió. El Juez Asociado Señor Fuster Berlingeri no intervino.

---

[11] En *Liquilux Gas Corp. v. Martin Gas Sales, Inc.*, 771 F. Supp. 502 (D. P.R. 1991), el tribunal federal llega a similar conclusión al expresar que el Art. 20(d) de la Ley de Servicio Público de Puerto Rico, 27 L.P.R.A. sec. 1107(d), inequívocamente limita el poder del foro judicial para adjudicar controversias.