ELOY VERA (OPERADOR) y LOUIS H. LEBRÓN (PROPIETARIO), querellados y peticionarios, *v.* JOHN P. PAVESI y SEÑORA DE JOHN PAVESI, querellantes y recurridos.

Número: O-84-654      Resuelto: 10 de enero de 1985

*Miguel Colón Hernández,* abogado de los peticionarios; *René Maldonado Villaronga,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

Los hechos que dan lugar al presente recurso, en *lo pertinente a la cuestión legal en controversia,* (¹) se refieren a una querella que radicara ante la Comisión de Servicio Público de Puerto Rico un matrimonio que se encontraba de vacaciones en Puerto Rico, referente la misma a un *accidente de automóviles* en que se vieron envueltos mientras transitaban *como pasajeros* en un *vehículo de alquiler (taxi),* mediante la cual reclaman —del operador del vehículo y el dueño del mismo— los *daños y perjuicios* sufridos por ellos como consecuencia del accidente. (²)

Contestada la querella e impugnada la jurisdicción de la Comisión para entender en la materia objeto de la misma, la referida Comisión originalmente se declaró sin jurisdicción. (³) Solicitada la reconsideración por la parte querellante, la Co-

---

(¹) Si la Comisión de Servicio Público de Puerto Rico tiene o no jurisdicción sobre la querella radicada ante dicho organismo administrativo.

(²) Se reclaman en total daños ascendentes a $50,000.

(³) Mediante "resolución y orden" de fecha 5 de junio de 1981.

misión —expresando que "nos persuade el argumento de la parte Querellante a los efectos de que existe la relación de usuario y empresa de servicio público"— reconsideró el dictamen que había emitido y señaló el caso para audiencia pública. (⁴) La parte querellada acudió, en revisión, ante el Tribunal Superior de Puerto Rico. Dicho foro —citando con aprobación a la Comisión a los efectos de que el accidente "ocurrió dentro de la relación de usuario y empresa de servicio público"— resolvió que "es evidente que el foro apropiado para resolver la controversia es la Comisión de Servicio Público". (⁵)

Inconforme, la parte querellada peticionaria acudió ante este Tribunal mediante la radicación del correspondiente recurso de *certiorari*. Concedimos término, mediante resolución de fecha 18 de octubre de 1984, a la parte querellante recurrida para que mostrara causa por la cual este Tribunal no debía revocar la sentencia dictada por el foro de instancia por el fundamento de que la referida Comisión "no tiene jurisdicción sobre la materia objeto de la querella radicada por la parte recurrida . . .". Ha comparecido. Resolvemos.

La parte querellante recurrida sostiene que la jurisdicción de la Comisión de Servicio Público de Puerto Rico sobre la materia objeto de la querella presentada emana de las disposiciones del Art. 20 de la Ley Núm. 109 de 28 de junio de 1962 (⁶) —Ley de Servicio Público— el cual, en lo pertinente, dispone:

Art. 20. —*Determinación de Daños Causados*

(a) Cuando la Comisión, luego de celebrada audiencia determinare *que cualquiera tarifa cobrada, acto realizado u omitido, o práctica puesta en vigor ha infringido cualquier orden, fuere injusta o irrazonable, estableciere diferencias o preferencias injustificadas o indebidas o que la tarifa co-*

(⁴) Mediante "resolución y orden" de fecha 9 de noviembre de 1981.

(⁵) Mediante sentencia de fecha 24 de agosto de 1984, Hon. Ángel G. Hermida, Juez.

(⁶) 27 L.P.R.A. sec. 1107.

*brada excede la radicada, publicada y vigente a la fecha en que se prestó el servicio,* podrá ordenar a la compañía de servicio público o porteador por contrato que pague al perjudicado, dentro del tiempo razonable que se especifique, el importe de los daños y perjuicios sufridos como resultado de la tarifa, acto, omisión o práctica injusta, irrazonable o ilegal. La orden que a ese efecto se expida contendrá conclusiones de hechos y la cuantía que ha de pagarse. (Énfasis nuestro.)

Expresa la parte recurrida que se trata del caso "de un pasajero que *usa los servicios* de taxi *cuyo operador no evita un accidente y sí causa éste* contra un vehículo privado". (Énfasis suplido.) Argumenta que la Comisión de Servicio Público, a base de las disposiciones del citado Art. 20, tiene jurisdicción en el presente caso por cuanto se trata de daños y perjuicios causados a los pasajeros "por actos u omisiones" del operador de un taxi en servicio. No le asiste la razón.

■ Somos del criterio que dicho precepto legal faculta a la Comisión de Servicio Público a conceder indemnización monetaria a un usuario de una compañía de servicio público, o porteador por contrato, *únicamente* en aquellos casos en que éste se ve afectado o sufre daños: 1— al ser "víctima" de una tarifa, práctica puesta en vigor, acto, u omisión que (*a*) infrinja cualquier orden de la Comisión, o (*b*) resulta injusta o irrazonable, o (*c*) establece diferencias o preferencias injustificadas o indebidas,[7] y 2— cuando le es cobrada una tarifa que excede la radicada, publicada y vigente a la fecha en que se prestó el servicio.

El fundamento legal para concederle jurisdicción a la Comisión de Servicio Público en las antes mencionadas situaciones es obvio: la determinación que dicha Comisión tiene que hacer respecto a si la compañía de servicio público, o el porteador por contrato, incurrió o no en una de las "infracciones" que contempla el citado estatuto conlleva por necesidad la utilización de la experiencia administrativa (*expertise*) que

---

[7] Véase *Rovira Palés* v. *P.R. Telephone Co.,* 96 D.P.R. 47 (1968).

ha adquirido a través de los años dicho foro administrativo en esta clase de casos, la cual como sabemos, le merece gran deferencia a los tribunales al éstos revisar la actuación administrativa. *M & V Orthodontics* v. *Negdo. Seg. Empleo*, 115 D.P.R. 183 (1984).

■ A nuestro entender, sin embargo, el citado Art. 20 no faculta a la Comisión de Servicio Público a intervenir en casos como el presente; el mismo conlleva el dirimir unos hechos en controversia —donde, en adición a la relación de usuario y empresa pública, están envueltos los derechos, y posible responsabilidad, de terceros([8])— y la concesión de indemnizaciones monetarias, desde un punto de vista estrictamente de derecho civil, donde no se requiere ninguna clase de *expertise* administrativo, para lo cual están obviamente mejor facultados los tribunales de justicia. ([9])

Por los fundamentos expuestos, *se expide el auto y se dicta sentencia revocatoria de la dictada por el Tribunal Superior de Puerto Rico, Sala de San Juan, en el presente caso.*

El Juez Presidente Señor Trías Monge concurre en el resultado sin opinión.

---

([8]) El otro conductor envuelto en el accidente y/o sus pasajeros.

([9]) La propia Comisión de Servicio Público así lo ha reconocido. Así se puede inferir de las disposiciones del Art. 6 del "Reglamento para Taxis" —de fecha 14 de febrero de 1957— el cual establece que:

*Seguro contra accidentes*

"(a) Toda empresa deberá prestar una fianza mediante hipoteca inmueble o póliza de seguro con una compañía de seguros legalmente autorizada para hacer negocios en Puerto Rico, por una cantidad cuyo mínimo fijará la Comisión por cada vehículo, y que responderá de la indemnización a que tenga derecho cualquier persona que sufra lesiones, daños o perjuicios en cualquier accidente debido al uso o manejo descuidado o negligente o a defectos del taxi.

. . . . . . . .

"(c) En caso de que la Comisión revoque la licencia de taxi, la fianza continuará en toda su fuerza y vigor *hasta que los tribunales resuelvan las reclamaciones que se hayan incoado por hechos ocurridos antes de dicha revocación.*" (Énfasis suplido.) 27 R.&R.P.R. sec. 72-406.