Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| LISOANNETTE M. GONZÁLEZ RUÍZ EN SU CARÁCTER DE SECRETARIA DEL DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR (ROLANDO VÁZQUEZ CABRERA)<br><br>Apelada<br><br>V.<br><br>CONSEJO DE TITULARES DEL CONDOMINIO LOS CORALES A TRAVÉS DEL PRESIDENTE DE LA JUNTA DE DIRECTORES<br><br>Apelante | KLAN202401022 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV06129<br><br>Sobre: Solicitud para hacer cumplir orden |

Panel integrado por su presidente, el Juez Rodríguez Casillas, Juez Marrero Guerrero y Juez Campos Pérez.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de enero de 2025.

Comparece ante nos el Consejo de Titulares del Condominio Los Corales a través del Presidente de la Junta de Directores (Junta de Directores o parte apelante) y solicita que revisemos una *Sentencia* emitida y notificada el 1 de octubre de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[1] En la referida determinación, el TPI declaró Ha Lugar la petición del Departamento de Asuntos del Consumidor (DACo o parte apelada), para hacer cumplir una *Resolución* que la agencia administrativa emitió el 13 de octubre de 2023.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada. Veamos el trasfondo fáctico y procesal que sostiene nuestra determinación.

---

[1] Apéndice de la *Apelación,* Anejo 11, págs. 46-48.

Número Identificador
SEN2025_____

**I.**

La controversia ante nuestra consideración tuvo su origen el 14 de julio de 2022, cuando el señor Rolando Vázquez Cabrera (señor Vázquez Cabrera) presentó una *Querella* contra la Junta de Directores en el DACo.[2] Entre sus alegaciones, arguyó que el 17 de mayo de 2022, el Consejo de Titulares le solicitó a la Junta de Directores una serie de documentos relacionados a los daños sufridos por el huracán María, entre estos: copia de la reclamación del seguro; cartas cursadas con el agente de seguro y la aseguradora del Condominio; listado de la distribución de pago por los daños; copia de los estimados de los daños; copia de todos los pagos que la aseguradora expidió; copia de todos los pagos expedidos a los titulares; copia de los estados bancarios en los que se encontraban los cheques pagados cancelados. No obstante, adujo que la parte apelante incumplió con las disposiciones de la *Ley de Condominios de Puerto Rico*, 31 LPRA sec. 1921 *et seq.*, al negarse a proveer los documentos solicitados y a celebrar la Asamblea Extraordinaria.

Tras la celebración de una vista administrativa, el 13 de octubre de 2023, el DACo emitió una *Resolución*.[3] En su virtud, declaró Ha Lugar a la *Querella* y ordenó que la Junta de Titulares entregara los siguientes documentos dentro del término de veinte (20) días desde la notificación de la determinación judicial: (1) copia de la reclamación al seguro por motivo del huracán María; (2) cartas cursadas con el agente de seguro y la aseguradora del Condominio; (3) listado de distribución por los daños; (4) copia de los estimados en daños; (5) copia de todos los cheques expedidos a los titulares; (6) copia del estado del banco donde se encontraban los cheques pagados cancelados y (7) copia de la evidencia acreditativa de que la aseguradora efectuó directamente los pagos y no existir evidencia de

---

[2] Apéndice del *Alegato en oposición a recurso de apelación*, Anejo V, págs. 8-10.
[3] *Íd.*, Anejo VI, págs. 11-17.

cheques cancelados, de haber ocurrido. La agencia administrativa apercibió a la parte apelante sobre su derecho a peticionar reconsideración o acudir en revisión judicial ante este Tribunal de Apelaciones. Igualmente, apercibió al señor Vázquez Cabrera que si la Junta de Directores incumplía con lo ordenado, debía notificar a la agencia administrativa para recurrir al TPI a exigir el cumplimiento. De lo contrario, se exponía al cierre y archivo del caso una vez transcurriera treinta (30) días desde que venciera el término concedido a la parte apelante.

El 7 de noviembre de 2023, la Junta de Directores presentó una *Moción informando imposibilidad de cumplimiento*.[4] En esta, le solicitó al DACo tomar conocimiento de que los documentos peticionados se dañaron, en vista de que el almacén donde estaban ubicados sufrió una filtración.

Al día siguiente, el señor Vázquez Cabrera presentó una *Moción informativa incumplimiento de orden*.[5] Entre otros, notificó que la Junta de Directores continuaba bajo un repetido incumplimiento de la orden administrativa. Esto, al entender que, tras caducar el lapso para entregar los documentos, la parte apelante presentó excusas inconclusas y fotografías que no evidenciaron copia fiel de los documentos solicitados. Por lo anterior, solicitó que el DACo exigiera el cumplimiento de su orden por virtud del Foro Primario.

Ante el incumplimiento de la Junta de Directores, el 28 de junio de 2024, el DACo presentó una *Petición para hacer cumplir orden* ante el TPI.[6] En esta, sostuvo que a pesar de concederle un término razonable a la Junta de Directores para cumplir con la *Resolución* administrativa del 13 de octubre de 2023 que advino final y firme, incumplió con la misma. Por ello, solicitó que el TPI emitiera una

---

[4] *Íd.*, Anejo VII, págs. 18-21.
[5] *Íd.*, Anejo VIII, págs. 22-24.
[6] Apéndice de la *Apelación*, Anejo 1, págs. 1-13.

*Sentencia* disponiendo el cumplimiento con la *Resolución* administrativa y el pago de quinientos dólares ($500.00) por concepto de honorarios de abogados.

Tras varios trámites procesales, el 23 de agosto de 2024, la Junta de Directores presentó una *Moción en cumplimiento de Orden y en solicitud de desestimación.*[7] Mediante esta, resaltó que las alegaciones del DACo distaron de la realidad, ya que en el expediente administrativo surgió que los documentos solicitados se entregaron el 1 de julio de 2022 al señor Noel Martínez Castillo y a la señora Ángela Rowell, en representación del señor Vázquez Cabrera. Además, especificó que el 7 de noviembre de 2023 le informó al DACo que los documentos solicitados se destruyeron a consecuencia de una inundación por una filtración. Consiguientemente, planteó que la inundación constituyó una imposibilidad sobrevenida para cumplir con el dictamen administrativo, por lo que la causa de acción del DACo era frívola y temeraria.

El 26 de agosto de 2024, el TPI emitió y notificó una *Orden* mediante la cual le concedió veinticuatro (24) horas finales al DACo para mostrar causa por la cual no debía desestimar su causa de acción por academicidad.[8]

En igual fecha, el DACo presentó una *Moción en cumplimiento de la Orden del 26 de agosto de 2024.*[9] En su virtud, indicó que no le asistía la razón a la Junta de Directores. Esto, puesto que el señor Martínez Castillo y la señora Rowell acudieron al DACo en solicitud de los documentos que la agencia administrativa ordenó entregar, ya que la parte apelante le proveyó documentos en blanco y facturas escritas a mano.

---

[7] *Íd.*, Anejo 4, págs. 17-18.
[8] *Íd.*, Anejo 5, pág. 19.
[9] *Íd.*, Anejo 6, págs. 20-28.

En términos de la aplicabilidad de la defensa de imposibilidad sobrevenida, el DACo puntualizó que, toda vez que la Junta de Directores estaba en mora desde el 13 de octubre de 2023, se expuso a los efectos adversos de la pérdida de los documentos. A su vez, esgrimió que la Junta de Directores no informó la fecha en que ocurrió la alegada filtración de agua ni la magnitud de la misma de forma tal que culminara en una inundación. Ante ello, el DACo particularizó que la parte apelante pudo actuar de manera previsible y anticipada para proteger los documentos ante una presunta filtración o salvaguardar los documentos electrónicamente.

Así las cosas, el 27 de agosto de 2024, el TPI emitió y notificó una *Orden* para que la Junta de Directores replicara inmediatamente.[10]

El 31 de agosto de 2024, la parte apelante presentó una *Moción en cumplimiento de orden*.[11] Entre otros, expresó que el señor Vázquez Cabrera no solicitó la producción de documentos en la *Querella*, sino revocar a los miembros de la Junta de Directores. Asimismo, manifestó que el señor Vázquez Cabrera tenía treinta (30) días a partir de la entrega de los documentos en julio de 2022 para objetarlos, a tenor con el Artículo 65 de la *Ley de Condominios de Puerto Rico*, *supra*, sec. 1923j. Empero, alegó que el señor Vázquez Cabrera no presentó objeciones hasta quince (15) meses después. Por otra parte, concretó que, conforme con el Artículo 1166 del Código Civil, 31 LPRA sec. 9318 sobre caso fortuito, la inundación no pudo preverse. A tal efecto, precisó que la reclamación judicial no era justiciable, ya que era imposible cumplir con la determinación del DACo al presuntamente destruirse los documentos. En la alternativa, formuló que si el Foro Primario determinara que la Junta de Directores estaba en mora al momento de destruirse los documentos, correspondía

---

[10] *Íd.*, Anejo 7, pág. 29.
[11] *Íd.*, Anejo 8, págs. 30-37.

ordenarse una indemnización por daños, a tenor con los Artículos 1167 y 1168 del Código Civil, *supra*, sec. 9331-9332.

Eventualmente, el 5 de septiembre de 2024, el DACo presentó una *Moción en cumplimiento de orden del 3 de septiembre de 2024*.[12] En esta, señaló que las alegaciones de la Junta de Directores se referían a asuntos fácticos que se debieron plantear en una moción de reconsideración ante la agencia administrativa o un recurso de revisión judicial ante este Tribunal de Apelaciones. Al no realizarlo, la parte apelada acentuó que la Junta de Directores se cruzó de brazos y pretendió que el Foro Primario pasara juicio sobre el dictamen administrativo en una limitada petición para hacer cumplir orden. En tal virtud, el DACo subrayó que la función del TPI se circunscribía en implementar la determinación administrativa, sin emitir un juicio sobre su corrección. El DACo indicó que mientras la Junta de Directores no cumpliera con la determinación administrativa, la misma no era académica.

Asimismo, el DACo planteó que la parte apelante erró al aducir que el señor Vázquez Cabrera tenía treinta (30) días para impugnar la entrega de los documentos. Pues, reseñó que el 14 de julio de 2022, el señor Vázquez Cabrera presentó la *Querella* administrativa en la que solicitó una serie de documentos. Además, aseveró que en los días 4 y 8 de octubre de 2023, la Junta de Directores entregó unos papeles en blanco a los representantes del señor Vázquez Cabrera. Por lo anterior, el DACo adujo que el señor Vázquez Cabrera no tenía que impugnar los documentos dentro de un término de treinta (30) días desde que se entregaron, ya que la controversia formaba parte de la *Querella* que estaba en curso ante la agencia administrativa.

Por otro lado, el DACo manifestó que la Junta de Directores actuó negligentemente en su deber de cuidado y protección de la

---

[12] *Íd.*, Anejo 9, págs. 38-44.

documentación bajo su administración para hacerla disponible a los titulares. A tal efecto, expresó que no aplicó la figura de caso fortuito al concurrir culpa o negligencia de la Junta de Directores. Igualmente, subrayó que la parte apelante incurrió en mora en cumplir con su deber de proveer la información solicitada por el señor Vázquez Cabrera. Esto, en vista que la Regla 29 del Reglamento de Condominios, Reglamento Núm. 9686, 6 de junio de 2022, Departamento de Estado, disponía un término de catorce (14) días para que la Junta de Directores proveyera a los titulares los documentos relacionados con la administración, los estados financieros, los planes de desastre, las emergencias, los presupuestos, los estados de cuenta, los contratos de suplidores, entre otros. De esta forma, el DACO señaló que la mora en la obligación eximió a la Junta de Directores de la doctrina de imposibilidad sobrevenida.

Sometido el asunto ante su consideración, el 1 de octubre de 2024, el TPI emitió y notificó una *Sentencia*.[13] Mediante esta, el Foro Primario concluyó que no existía controversia en que la Junta de Directores incumplió con la *Resolución* que emitió el DACo. El TPI consignó que la parte apelante no demostró el cumplimiento con lo ordenado por el DACo, aun cuando alegó que entregó los documentos solicitados. Por ello, determinó que al tratarse de una *Resolución* final, firme e inapelable, el Foro *a quo* carecía de jurisdicción para atender los reclamos que atacaran las determinaciones de hechos, las conclusiones de derecho y la orden emitida por el DACo. Por lo anterior, el TPI declaró Ha Lugar la petición del DACo y confirmó su *Resolución*. El Foro Primario ordenó el fiel cumplimiento de la Junta de Directores y le advirtió que, de incumplir con la *Sentencia*, procedía decretar su ejecución. Además, le impuso a la parte apelante

---

[13] *Íd.*, Anejo 11, págs. 46-48.

el pago de quinientos dólares ($500.00) por concepto de honorarios de abogados.

Inconforme, la Junta de Directores presentó una *Moción Reconsideración*.[14] En esta, resaltó que procedía archivarse la causa de acción, ya que no era justiciable y era imposible cumplir con la *Resolución* del DACo. Por otra parte, arguyó que era incorrecta la determinación del Foro Primario en que carecía de jurisdicción para atender los reclamos que atacaran la *Resolución* emitida por el DACo, en vista de que la destrucción de los documentos constituyó una imposibilidad sobrevenida. Por tal razón, la parte apelante indicó que el TPI tenía jurisdicción para atender sus defensas en cuanto al cumplimiento de la obligación. Ante ello, adujo que correspondía que el Foro Primario declarara No Ha Lugar a su solicitud de desestimación, le permitiera contestar la *Demanda* y señalara vista evidenciaria para atender la controversia sobre la imposibilidad sobrevenida luego del dictamen administrativo. Pues, alegó que, de conformidad con el Artículo 1166 del Código Civil, *supra*, sec. 9318, la inundación no pudo preverse. Adicionalmente, la Junta de Directores expresó que, si se determina que desconocía que estaba en mora al momento de destruirse los documentos, correspondía solamente ordenar la indemnización por los daños.

El 15 de octubre de 2024, el TPI emitió una *Resolución* en la que declaró No Ha Lugar a la solicitud de reconsideración de la Junta de Directores.[15] Además, dispuso que este caso se trataba de una petición para hacer efectiva una *Resolución* que advino final y firme. Por tanto, determinó que si el DACo no actuó con relación al escrito sobre la pérdida o destrucción de los documentos, dicho asunto debió presentarse ante este Tribunal de Apelaciones. Sin embargo, el TPI estableció que si el DACo solicitaba desacato por el incumplimiento

---

[14] *Íd.*, Anejo 12, págs. 49-69.
[15] *Íd.*, Anejo 13, pág. 70. Archivada y notificada el 16 de octubre de 2024.

con el decreto judicial, se podía levantar la defensa sobre la destrucción de los documentos.

Insatisfecha con la determinación judicial, el 15 de noviembre de 2024, la Junta de Directores presentó un recurso de apelación en el que formuló el siguiente señalamiento de error:

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL RESOLVER SUMARIAMENTE UNA DEMANDA PARA HACER CUMPLIR UNA ORDEN DE UNA AGENCIA ADMINISTRATIVA[,] A PESAR DE LA EXISTENCIA DE CONTROVERSIAS DE HECHO Y DEFENSAS OPONIBLES QUE REQUIEREN DESCUBRIMIENTO DE PRUEBA Y JUICIO.

En esencia, la parte apelante reiteró que la controversia ante el Foro Primario era si la entrega de unos documentos que se destruyeron luego dictarse la *Resolución* administrativa motivaba un decreto judicial de imposibilidad sobrevenida. La Junta de Directores puntualizó que siendo este un caso ordinario sobre la ejecución de la *Resolución* administrativa, el TPI tenía la autoridad para atender sus defensas relacionadas al cumplimiento de las obligaciones y la imposibilidad sobrevenida. De este modo, manifestó que procedía declararse No Ha Lugar a su solicitud de desestimación y continuar con el trámite ordinario del caso. No obstante, destacó que la reclamación no era justiciable, ya que era imposible de cumplir.

Por su parte, el 12 de diciembre de 2024, el DACo presentó un *Alegato en oposición a recurso de apelación.* En este, la parte apelada enfatizó que una petición para hacer cumplir una orden en virtud del Artículo 6 de la *Ley Orgánica del Departamento de Asuntos del Consumidor*, Ley Núm. 5 de 23 de abril de 1973, según enmendada, 3 LPRA sec. 341e, era distinta a un procedimiento de revisión judicial. Por ello, planteó que el TPI carecía de jurisdicción para pasar juicio sobre las determinaciones de hechos, conclusiones de derecho y la orden administrativa. El DACo mencionó que el 8 de noviembre de 2024, presentó una *Moción solicitando imposición de desacato* y que el TPI emitió una orden de mostrar causa por la cual la Junta de

Directores no debía ser declarada incursa en desacato, pero que dicha parte anunció que presentaría este recurso ante el Tribunal de Apelaciones. A su vez, aclaró que su solicitud de imponer desacato debió presentarse el 15 de noviembre de 2024, no obstante, el TPI estableció que la parte apelante podía plantear sus defensas en el aludido procedimiento de desacato.

En lo atinente a la doctrina de imposibilidad sobrevenida, el DACo esgrimió que dicha controversia debió alegarse en el foro administrativo mediante una solicitud de reconsideración o en este Tribunal por virtud de una revisión judicial. Según la parte apelada, dicha controversia de derecho era un asunto que no le correspondía resolver al TPI en una petición para hacer cumplir una orden, la cual no era un mecanismo alternativo de revisión judicial. A su vez, concretó que el Foro Primario estaba impedido de modificar a destiempo las determinaciones de hechos y las conclusiones de derecho del dictamen administrativo.

En atención a los señalamientos de errores esbozados por la parte apelante, procedemos a exponer la normativa jurídica aplicable a este recurso.

**II.**

**A. Petición para hacer cumplir una orden**

El DACo es una agencia administrativa con pleno poder para adjudicar las querellas presentadas ante su consideración y conceder los remedios que procedan conforme a derecho. Véase Artículo 6 (d) de la *Ley Orgánica del Departamento de Asuntos del Consumidor, supra,* sec. 341e; *Ortiz Colón v. Soler Auto Sales et al.,* 202 DPR 689, 696 (2019); *Amieiro González v. Pinnacle Real Estate,* 173 DPR 363, 372 (2008). Sin embargo, las agencias administrativas carecen de poder coercitivo para exigir el cumplimiento de sus órdenes y resoluciones. *Ortiz Matías et al. v. Mora Development,* 187 DPR 649, 655 (2013); *Díaz Aponte v. Comunidad San José, Inc.,* 130 DPR 782,

795 (1992). Por ello, los foros administrativos sólo podrían ejercer efectivamente sus facultades mediante el auxilio de los tribunales. *Díaz Aponte v. Comunidad San José, Inc., supra.* En tal sentido, el Artículo 6 (i) de la *Ley Orgánica del Departamento de Asuntos del Consumidor, supra,* sec. 341e, dispone que el Secretario del DACo posee el deber y facultad de:

> Interponer cualesquiera remedios legales que fueran necesarios para hacer efectivos los propósitos de esta ley y hacer que se cumplan las reglas, reglamentos, órdenes, resoluciones y determinaciones del Departamento. [...]

Ahora bien, este procedimiento de ejecución de orden es distinto al procedimiento de revisión judicial. *Ortiz Matías et al. v. Mora Development, supra,* pág. 656. Véase también *Industria Cortinera, Inc. v. PRTC,* 132 DPR 654, 664 (1993). A saber, "**[d]urante la revisión judicial, el tribunal revisa la determinación de la agencia administrativa mientras que en la ejecución de orden, este implanta la determinación administrativa una vez adviene final y firme, sin pasar juicio sobre su corrección**". *Íd.* (Énfasis nuestro).

Pues, una querella administrativa conlleva dos (2) etapas: el trámite adjudicativo ante la agencia y la ejecución de la determinación administrativa. *Íd.,* págs. 656-657. En la primera etapa, la parte afectada puede acudir a este Tribunal de Apelaciones en revisión judicial si está en desacuerdo con la determinación administrativa. *Íd.,* pág. 657. Al concluir el proceso de revisión judicial, la determinación administrativa adviene final y firme, por lo que la agencia o la parte favorecida podrá peticionar poner en vigor la resolución u orden. *Íd.* En tal circunstancia, el Tribunal de Primera Instancia tiene disponible todos los mecanismos de ejecución de sentencia como el desacato. *Íd.* Por ello, "los tribunales están facultados para poner en vigor y ordenar la ejecución por la vía procesal ordinaria de una resolución u orden de una agencia

administrativa, así como para conceder cualquier otro remedio que estime pertinente ante el incumplimiento de sus órdenes". *Íd.* En tal virtud, la etapa de ejecución de una determinación administrativa no debe convertirse en un ataque colateral al decreto administrativo ni en un método alterno de revisión judicial. *Íd.* Pues, un procedimiento de ejecución no se trata de revivir las controversias que se resolvieron ni modificar los derechos que se adjudicaron, sino de dar cumplimiento o eficacia al dictamen. Véase J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da. ed., San Juan, Publicaciones JTS, 2011, T. IV, pág. 1428.

Esbozada la normativa jurídica, procedemos a aplicarla a los hechos que nos conciernen.

**III.**

En el presente caso, la Junta de Directores planteó que el Foro Primario erró al declarar Ha Lugar la petición para hacer cumplir una orden del DACo. A su juicio, el TPI debió continuar con el curso ordinario del caso para dilucidar sobre la defensa de imposibilidad sobrevenida por la destrucción de los documentos solicitados por el señor Vázquez Cabrera a causa de una filtración que se tornó en una inundación posterior a dictarse la *Resolución* administrativa.

Es menester puntualizar que la parte apelante peticionó que el Foro Primario dilucidara sobre una defensa que le correspondía de plantear a través de una oportuna solicitud de reconsideración ante el DACo o un recurso de revisión judicial ante este Tribunal de Apelaciones. Por el contrario, la Junta de Directores no ejerció los mencionados remedios administrativos y judiciales para impugnar la determinación administrativa en el término dispuesto por el ordenamiento jurídico, aun conociendo sobre la alegada imposibilidad de cumplimiento por la presunta destrucción de los documentos. Pues, del expediente surgió que el 7 de noviembre de 2023, dentro del término para impugnar la determinación

administrativa, la Junta de Directores presentó una *Moción informando imposibilidad de cumplimiento* para que el DACo tomara conocimiento de la filtración de agua. Es importante destacar que dicha moción no constituyó el recurso correspondiente para impugnar la determinación administrativa y plantear la defensa de imposibilidad sobrevenida. Al advenir final y firme la *Resolución* administrativa sin que la parte apelante haya cumplido con la misma, el DACo ejerció su facultad de hacer valer su dictamen al acudir al TPI mediante una petición para hacer cumplir una orden por virtud del Artículo 6 (i) de la *Ley Orgánica del Departamento de Asuntos del Consumidor, supra,* sec. 341e. Como se reseñó previamente, este procedimiento de ejecución es distinto a la revisión judicial, no constituye un método alterno de revisión judicial ni una vía para revisar en sus méritos una determinación judicial que advino final y firme. Véase *Ortiz Matías et al. v. Mora Development, supra*, pág. 656. Por cuanto, el Foro Primario estaba impedido de pasar juicio sobre la corrección de la *Resolución* administrativa. Por virtud de lo anterior, no erró el TPI al declarar Ha Lugar la petición de hacer cumplir una orden del DACo, sin considerar las defensas de la Junta de Directores en sus méritos. Ahora bien, como correctamente estableció el Foro *a quo,* la parte apelante aún tiene oportunidad de levantar sus defensas relacionadas al incumplimiento con la *Resolución* del DACo en el procedimiento de desacato, el cual quedó pendiente de adjudicación.

**IV.**

Por las razones que anteceden, se confirma la *Sentencia* apelada.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones