Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| HIRAM TORRES MONTALVO en su carácter de Secretario Designado del DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR (DACO)<br><br>Apelante<br><br>v.<br><br>JUNTA DE DIRECTORES CONDOMINIO LOS PINOS<br><br>Apelado | KLAN202500020 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.:<br>CG2023CV00737<br><br>Sobre:<br>Petición para Hacer Cumplir Orden de (DACO-Ley Núm. 5 del 23 de abril de 1973, 3 LPRA 341 E (I) |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.[1]

Díaz Rivera, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 11 de marzo de 2025.

Comparece ante *nos*, el Departamento de Asuntos del Consumidor (DACo o apelante) y nos solicita que dejemos sin efecto la *Sentencia* emitida el 4 de diciembre de 2024 y notificada el 10 de diciembre de 2024, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Caguas. Mediante el referido dictamen, el TPI ordenó el cierre y archivo del presente caso por entender que la Junta de Directores del Condominio los Pinos (Junta de Directores o apelados) cumplió con la *Resolución* emitida por DACo el 21 de diciembre de 2022.

Por los fundamentos expuestos a continuación, se *revoca* la *Sentencia* apelada.

---

[1] Mediante la OATA-2025-013 debido a que, desde el 6 de febrero de 2025, la Hon. Camille Rivera Pérez dejó de ejercer funciones como Jueza del Tribunal de Apelaciones, y con el fin de garantizar la atención y continuidad en la adjudicación de los casos en los que ésta participaba, se modifica la integración del panel.

## I.

El recurso de epígrafe tiene su génesis en una *Querella* presentada ante el DACo por la señora María B. Cruz de Rivera, (señora Cruz o querellante) el 21 de septiembre de 2021.[2] Según surge del expediente, la querellante es titular del apartamento 302 en el Condominio Los Pinos. Debido a la existencia de filtraciones en su apartamento, la señora Cruz presentó la querella número C-CAG-2021-000277 ante DACo. Así las cosas, DACó inspeccionó el apartamento, presentó un informe y celebró una Vista Administrativa.

Luego de atendido los argumentos de ambas partes, el 16 de diciembre de 2022, DACo emitió *Resolución* en la cual declaró *Ha Lugar* la *Querella* presentada por la señora Cruz y ordenó a la Junta de Directores reparar las filtraciones señaladas en un término no mayor de treinta (30) días.[3]

El 30 de enero de 2023, la querellante presentó una *Moción Informativa* ante DACo informando el incumplimiento de la *Resolución.* En atención a lo expresado por la querellante, el 7 de marzo de 2023, DACo presentó una *Petición para Hacer Cumplir Orden* ante el TPI.[4] Tras varios trámites procesales, el 4 de diciembre de 2024, notificada el 10 de diciembre de 2024, el TPI dictó *Sentencia* en la cual ordenó el archivo del caso de epígrafe. En síntesis, el foro primario concluyó que, la Junta de Directores

---

[2] CAG-2021-0002777.

[3] Véase, Anejo III, págs. 11-15

[4] Es norma reiterada que las agencias administrativas carecen del poder coercitivo que tienen los tribunales para exigir el cumplimiento de órdenes y resoluciones. *Srio. D.A.C.O. v. Comunidad San José, Inc.,* 130 DPR 782, 795 (1992). Por tal razón, la ley habilitadora de DACo, Ley Núm. 5 de 23 de abril de 1973, (3 LPRA sec. 341 *et seq.*) (Ley Núm. 5), reconoce a esta agencia el derecho de acudir a los tribunales para poner en vigor sus decisiones. Así pues, el Secretario del DACo puede: "[i]nterponer cualesquiera remedios legales que fueran necesarios para hacer efectivos los propósitos de este capítulo y hacer que se cumplan las reglas, reglamentos, órdenes, resoluciones y determinaciones del Departamento". 3 LPRA sec. 341e(i).

cumplió con las reparaciones y los trabajos conforme la *Resolución* que emitió DACo.[5]

Inconforme con el referido dictamen, el 9 de enero de 2025, DACo presentó un recurso *de Apelación* ante este Tribunal y señaló la comisión del siguiente error:

> ***Erró el Tribunal de Primera Instancia al proceder al archivo del caso sin conceder o permitir una inspección del apartamento de la querellante para corroborar que se hayan corregido las filtraciones y el problema del receptáculo eléctrico en el mismo luego de culminadas las reparaciones.***

## II.

### A. Ejecución judicial de las determinaciones del DACo

La Ley Núm. 5 de 23 de abril de 1973, conocida como la Ley Orgánica del Departamento de Asuntos del Consumidor, según enmendada (3 LPRA sec. 341 *et seq.*), le concede al Secretario del DACo, entre otros poderes y facultades, los siguientes:

> (i) Interponer cualesquiera remedios legales que fueran necesarios para hacer efectivos los propósitos de este capítulo y hacer que se cumplan las reglas, reglamentos, órdenes, resoluciones y determinaciones del Departamento. A estos efectos, cualquier petición para hacer cumplir una orden del Departamento de Asuntos del Consumidor, se someterá o presentará en la Sala del Tribunal de Justicia correspondiente a la Oficina Regional del Departamento donde se haya llevado a cabo el procedimiento de querella, independientemente que la parte querellada (demandada) no resida en el área cubierta por dicha Oficina Regional. 3 LPRA sec. 341e(i).

En *Ortiz Matías et al. v. Mora Development*, 187 DPR 649 (2013), nuestro máximo Foro abordó el procedimiento que debe seguirse para poner en vigor una orden o resolución del DACo. Explicó que, durante la revisión judicial, el tribunal revisa la determinación de la agencia administrativa mientras que, en la ejecución de orden, este implanta la determinación administrativa una vez adviene final y firme, sin pasar juicio sobre su corrección. *Íd.*, pág. 656*; Ind. Cortinera, Inc. v. P.R. Telephone Co.,* 132 DPR 654 (1993). Además, determinó que el foro judicial puede poner en vigor

---

[5] Véase, Anejo I, págs. 1-2.

el mandato administrativo mediante cualquier remedio que estime pertinente, porque es parte de su jurisdicción general. *Ortiz Matías et al. v. Mora Development, supra,* pág. 659. Por último, el Tribunal Supremo aclaró que el proceso de ejecución no debe convertirse en un ataque colateral a la decisión administrativa ni en un método alterno de revisión judicial. *Id.*

### B. Discreción judicial

La *discreción* es la facultad de los tribunales de justicia para resolver de una forma u otra y de escoger entre varios cursos de acción. *W.M.M., P.F.M. et al. v. Colegio et al.*, 211 DPR 871 (2023); *Citibank et al v. ACBI et al,* 200 DPR 724 (2018). Al foro primario se le reconoce una amplia discreción. Sus decisiones merecen gran deferencia, debido a que es el foro que conoce las particularidades del caso, tiene contacto con los litigantes y examina la prueba. La única limitación es que la medida sea adecuada y razonable. El ejercicio adecuado de la discreción está inexorable e indefectiblemente atado al concepto de la razonabilidad. *Pueblo v. Gastón, Vigo,* 139 DPR 314 (1995).

Así pues, la *discreción* es una forma de razonabilidad aplicada al discernimiento judicial con el propósito de llegar a una conclusión justiciera. *Ramírez v. Policía de P.R.,* 158 DPR 320 (2002); *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651 (1997). Se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. Los tribunales apelativos no debemos intervenir con las determinaciones discrecionales del foro primario con el objetivo de sustituir su criterio por el nuestro. No obstante, esa deferencia cede, cuando el Tribunal de Primera Instancia actúa con perjuicio, parcialidad, incurrió en craso abuso de discreción o incurrió en error manifiesto. *Citibank et al v. ACBI et al, supra.*

Ahora bien, no resulta fácil precisar cuándo un Tribunal abusa de su discreción. Como sabemos, existen ciertas guías para

poder determinar cuándo un tribunal ha abusado de su discreción. *Pueblo v. Rivera Santiago,* 176 DPR 559 (2009). Así pues, un tribunal incurrirá en un abuso de discreción - *inter alia* - cuando el juez no toma en cuenta e ignora en la decisión que emite - sin fundamento para ello - un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario - sin justificación ni fundamento alguno - concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considera y toma en cuenta todos los hechos materiales e importantes y descarta los irrelevantes, el juez los sopesa y calibra livianamente. *W.M.M., P.F.M. et als. v. Colegio et als., supra.* Véase, además, *Pueblo v. Custodio Colón,* 192 DPR 567 (2015); *García v. Padró,* 165 DPR 324 (2005)*; Pueblo v. Ortega Santiago,* 125 DPR 203 (1990).

**III.**

El DACo sostiene que erró el TPI al proceder al archivo del caso sin conceder o permitir una inspección del apartamento de la querellante para corroborar que se hayan corregido las filtraciones y el problema del receptáculo eléctrico en el mismo luego de culminadas las reparaciones.

Por su parte, la Junta de Directores señala que cumplió con todas las órdenes emitidas por el foro primario; entiéndase, realizando las evaluaciones con cámaras y tinta, verificando las tuberías, sellando el techo del edificio donde ubica la propiedad de la señora Cruz, pintando en dos (2) ocasiones la propiedad y realizando obras mayores de corrección para corregir los problemas de filtración de la querellante.

En primer orden, téngase presente que la *Resolución* emitida por el DACo a favor de la señora Cruz claramente indica que el apelado deberá:

> [...] en un término de treinta días contados desde la notificación de la presente Resolución, contrate los servicios de un contratista registrado para que concluya las obras de sellado en la Torre 3 del Condominio Los Pinos. De no tener los fondos disponibles para las obras, deberá convocar al Consejo de Titulares en un periodo de veinte días para que apruebe el método en que se recabaran los fondos para el pago de las obras. Luego de terminadas las obras, deberá de forma inmediata reparar el interior del apartamento de la querellante, incluyendo las áreas eléctricas. De no reparar el interior [d]el apartamento de la querellante en un término no mayor de quince días de terminadas las reparaciones, deberá pagar a la querellante la cantidad de $5,311.30.

De una lectura minuciosa del expediente ante *nos* surge que, en la etapa de ejecución de la *Resolución* del DACo, el foro primario celebró varias vistas en las que escuchó los argumentos de ambas partes en torno al estado de las reparaciones en la propiedad de la señora Cruz. El 4 de diciembre de 2024, el TPI llevó a cabo una Vista de Seguimiento en la cual el DACo informó que la parte apelada había llevado a cabo unos trabajos, sin embargo, continúa saliendo agua por varios receptáculos. Así pues, se le notificó a la representación legal de la parte apelada un video del apartamento. Así, el Lcdo. José Vélez Perea expresó que se realizaron todos los trabajos y que desconocía de las filtraciones, por lo que, estaría verificando el dato. Consecuentemente, el Lcdo. José Vélez Perea solicitó que se de por cumplida la orden en relación con la *Querella.*

Escuchados los planteamientos de las partes, el foro primario dio por cumplida la orden y finalizó el caso. Ante ello, ese mismo día, el TPI emitió una *Sentencia* mediante la cual determinó que "se cumplió con las reparaciones y los trabajos conforme la Resolución que emitió DACO" y ordenó el archivo de la presente acción.

Luego de analizar detenidamente las alegaciones de la parte apelante, así como estudiar la *Resolución* que emitió el DACo y la *Sentencia* que emitió el TPI, concluimos que incidió el foro primario al dictar la *Sentencia* aquí apelada. En primer lugar, la *Resolución* que emitió el DACo es clara en cuanto a que luego de terminar las obras, la parte apelada debía de forma inmediata reparar el interior

del apartamento de la señora Cruz, **incluyendo las áreas eléctricas**. Así pues, surge del expediente ante *nos*, específicamente de la *Minuta* del 4 de diciembre de 2024, que continúa saliendo agua por varios receptáculos, que se notificó al Lcdo. José Vélez Perea un video del apartamento y que este "desconocía" de las filtraciones, por lo que estaría verificando el dato. Ante estas circunstancias, el foro primario debió permitir una inspección del apartamento de la señora Cruz para corroborar que se hayan corregido las filtraciones y el problema del receptáculo eléctrico, antes de dar por cumplida la orden del DACo y archivar el caso.

**IV.**

Por los fundamentos antes expuestos, *revocamos* la *Sentencia* apelada y devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones